UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1131 JVS (JCGx) | Date | December 14, 2015 |
| Title | Gordon v. Quicken Loans Inc., et al. | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Wade Gordon, pro se | Hassan Elrakabawy |

**Proceedings:** **Defendant Quicken Loans Motion to Dismiss (Fld 10-2-15)**

**Plaintiff's Renewed Request for Notice of Lis Pendens (Fld 11-18-15) & (Fld 11-23-15)**

**Cause called and the parties make their appearances. The Court's tentative ruling is issued. The parties make their arguments. The Court GRANTS the defendant's motion to dismiss and rules in accordance with the tentative ruling as follows. The Court directs the defendant to file a response to the plaintiff's Request for Notice of Lis Pendens within seven (7) days. Counsel for defendant shall submit a proposed judgment forthwith.**

Defendant Quicken Loans, Inc. ("Quicken") (sued as "QUICKEN LOANS aka QUICKEN MORTGAGE SERVICES aka QUICKEN BANKING") moves to dismiss *pro se* Plaintiff Wade Gordon's ("Gordon") complaint on the grounds that it fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.'s Mot. Dismiss (Mot.), Docket No. 26.) Gordon has filed a few documents in response. First, Gordon filed a "Motion for Determination By United States District Court Whether Removal From State Court Meets the Jurisdiction and Venue Requirements." (Docket No. 37.) Second, Gordon filed a "Notice of Memorandum of Law Points and Authorities In Support of International Bill of Exchange Notice/Notice Of Memorandum of Law." (Docket No. 44.) Third, Gordon filed "Memorandum of Merit and Points and Authorities in Support of Denying Defendants Motion for Summary Dismissal." (Docket No. 48.) Finally, Gordon filed "Notice of Motion — Motion to Remand Action Back to Superior Court of the State of California / Demand for Jurisdictional Statement." (Docket No. 50.) Looking to the substance of these filings, rather than their form, the Court construes this corpus as Gordon's opposition to Quicken's motion to dismiss. Quicken replied. (Docket No. 53.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-1131 JVS (JCGx)                         Date   December 14, 2015

Title   Gordon v. Quicken Loans Inc., et al.

    For the following reasons, the Court grants Quicken's Motion to Dismiss.

I.    Background

    Except where otherwise noted, the background is based entirely on the complaint in this case and the attachments to that complaint. This background is therefore based solely on allegations. This case concerns property in the process of foreclosure and a purported "Novation and Accord and Accord and Satisfaction" of a sum certain allegedly owed by Gordon to Quicken. (Compl. p. 1, Docket No. 1-1.)

    Gordon and Quicken entered into a loan agreement on February 3, 2014 (the "Deed of Trust"). (Id. p. 2 ¶ 5. See also Def.'s Req. Judicial Notice re Mot. ("RJN"), Docket No. 28-1.) Gordon alleges the original loan agreement between Gordon and Quicken had the following terms: (1) Gordon may discharge his purported obligation in full at any time and at any place inclusive of interest and principal; (2) any over payment shall be credited to Gordon's account; and (3) payment in full discharges the obligation. (Compl. p. 2, ¶ 5.) Gordon also asserts that "the QUICKEN contract says payment in US Dollars." (Id. p. 8, ¶ 13.) Gordon argues, however, that this mode of payment was modified under the terms of an accord and satisfaction. (Id.)

    Gordon allegedly tendered payment in full under the Deed of Trust via an instrument titled the "PAYMENT BOND." (The "Gordon Bond") (Id., p. 1; Id. Ex. 1.) Gordon alleges that Quicken accepted this bond on September 2, 2014 when the Gordon Bond, a "memorandum of understanding," and "bond order for payment bond" was sent via registered mail to Quicken's address in Detroit, Michigan and was signed for by "M Zuniga." (Id. p. 2 ¶ 6; Id. Ex. 5.)

    Gordon then asserts that Quicken has refused to adjust Gordon's account or to settle and close the account. (Id. p. 3, ¶ 7.)

    Gordon alleges that this conduct gives rise to several causes of action. Gordon asserts: (1) unfair business practices in violation of California Business & Professions Code section 17200, (2) fraudulent conversion, (3) violations of the Fair Debt Collection Practices Act (FDCPA), and (4) breach of contract.

II.    Legal Standard

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-1131 JVS (JCGx)                                   Date   December 14, 2015

Title   Gordon v. Quicken Loans Inc., et al.

    A.      Request for Judicial Notice

    Because factual challenges have no bearing under Rule 12(b)(6), generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds, Galbraith v. Cty. of Santa Clara, 307 F. 3d 1119, 1125 (9th Cir. 2002). Documents not physically attached to the complaint may nonetheless be considered on a Rule 12(b)(6) motion if the complaint refers to the document, the document is central to the plaintiff's claim, and no party questions the authenticity of the copy attached to the motion to dismiss. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 153 n.3 (2d Cir. 2002). This "incorporation by reference" doctrine allows courts to look beyond the pleadings without converting the Rule 12(b)(6) motion into a motion for summary judgment. Knievel v. ESPN, 393 F.3d 1068, 1076-77 (9th Cir. 2005).

    B.      Motion to Dismiss

    Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

    In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Most succinctly stated, a pleading must set forth allegations that have "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555). "In keeping with these principles[,] a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1131 JVS (JCGx) | Date | December 14, 2015 |
| Title | Gordon v. Quicken Loans Inc., et al. | | |

Iqbal, 556 U.S. at 679.

 Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

 A *pro se* plaintiff's pleadings are liberally construed to afford the plaintiff "the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)) (internal quotation marks omitted). If, however, a court finds that a *pro se* complaint has failed to state a claim, dismissal may be with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). *Pro se* plaintiffs should be granted leave to amend unless it is absolutely clear that the complaint's deficiencies cannot be cured. Id. at 1130-31.

III. Discussion

 In summary, this dispute is about whether Gordon has paid Quicken in accordance with the terms of the Deed of Trust agreement. Gordon essentially asserts that because he sent Quicken the Gordon Bond, because the envelope containing this document was signed for by some person at Quicken, and because the Gordon Bond was never returned to Gordon, Gordon has effectively satisfied his debt. The Court disagrees.

 As an initial matter, Quicken requests that the Court consider the Deed of Trust referenced in the complaint and attached as Exhibit 1 to Quicken's Request for Judicial Notice in Support of Motion to Dismiss. The Court, in fact, considers the Deed of Trust because Gordon refers to it throughout his complaint and it is central to Gordon's claim for breach of contract. Branch, 14 F.3d at 454. Gordon also does not dispute its authenticity, and in fact attaches a copy of the Deed of Trust to his own filing titled "Plaintiffs' Judicial Notice, Notice of Highest Title." (Docket No. 34.)

 Courts have dismissed at the pleading stage similar actions where a debtor purports to satisfy a debt through an instrument of their own creation contrary to the form of payments specified in the original loan agreement. See McElroy v. Chase Manhattan

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-1131 JVS (JCGx)   Date  December 14, 2015

Title  Gordon v. Quicken Loans Inc., et al.

Mortgage Corp., 134 Cal. App. 4th 388, 36 Cal. Rptr. 3d 176 (2005). Here, both parties acknowledge that payment under the Deed of Trust required payment in U.S. Currency. (Compl. p. 8, ¶ 13; Mot. p. 2; RJN Ex. 1, Docket No. 28-1.) To sustain Gordon's complaint, Gordon must allege sufficient facts that would allow the Court to conclude that the Gordon Bond was payment in U.S. Currency or that the terms of the Deed of Trust were modified to allow payment via the Gordon Bond.

Regarding whether the Gordon Bond can be considered U.S. Currency, it is well established that an offer in writing to pay a particular sum of money is a valid tender of payment. Cal Civ. Code § 2074. However, such offers of performance must be made in good faith in a manner most likely, under the circumstances, to benefit the creditor. Cal. Civ. Code § 1493. It must also be an unconditional offer. Cal. Civ. Code § 1494. And finally it must be an offer that the person making the offer is able and willing to perform. Cal. Civ. Code § 1495.

Here, the Gordon Bond would not be a tender of U.S. Currency as contemplated by the deed of trust unless it was an instrument that allowed Quicken to immediately access the funds. However, among its many deficiencies is the fact that by its express terms, the so-called bond was "non-negotiable" and the bond's stated maturity date was August 18, 2015, a year after it was allegedly tendered to Quicken. Therefore, payment via the tender of the Gordon Bond did not satisfy the payment obligations specified in the deed of trust.

The facts of this case are very similar to those in Dinsmore-Thomas v. Ameriprise Financial, Inc., SACV 08-587, 2009 WL 2431917 (C.D. Cal. Aug. 3, 2009).[1] In that case, a "Private Bond" sent to the creditor was claimed to be worth one-million dollars. Id. at *8. In that case, the Hawaiian treasurer was, by the terms of the bond, directed to issue money on account to the plaintiff's mortgage holder. Id. Because no authorities cited by the plaintiff identified the source of the Hawaiian Treasury's obligation to honor the bond, the court was able to conclude that the bond was fictitious. Id.

Here, although the Gordon Bond is itself vague and unclear, it appears the Gordon Bond simply offers "drawing rights to United States $1,200,000.00" against supposed

---

[1] Although Dinsmore-Thomas was decided on a motion for summary judgment, the facts that lead the Dinsmore-Thomas court to its conclusion are also properly before this Court on this motion to dismiss because they are plead in the complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1131 JVS (JCGx) | Date | December 14, 2015 |
| Title | Gordon v. Quicken Loans Inc., et al. | | |

"Private Offset Accounts" of Gordon and two other supposed "sureties." (Compl. Ex. 1.) In Gordon's filed "Notice of Memorandum of Law Points and Authorities In Support of International Bill of Exchange Notice/Notice Of Memorandum of Law," Gordon elaborates on his theory about why the private bond constitutes a tender and is not merely a worthless piece of paper. That filing concludes "[Quicken] needs to treat the Monetary Instrument tendered as an obligation of the United States to [Quicken]." (P.'s Mem. Law 14, Docket No. 44.)

Nevertheless, there is no obligation on the part of the United States to pay this bill. Because the Gordon Bond, the memorandums explaining the Gordon Bond, and the complaint purport to identify the source of the Secretary of the Treasury's obligation to honor the bond, and none of the cited sources establish such an obligation, this Court concludes (just as did the courts in McElroy and Dinsmore-Thomas), that the Gordon Bond attached to the complaint is, on its face, nothing more than a worthless piece of paper.

Next, Gordon argues that Quicken accepted the Gordon Bond as an accord and satisfaction of the debt. (Compl. p. 6 ¶ 2.) Gordon tries to support this legal conclusion by providing a return receipt from the United States Postal Service noting that the Gordon Bond was delivered to Quicken. Further, the terms included with the Gordon Bond demanded that the original "wet ink" version of the Gordon Bond had to be returned in order to be rejected. Gordon's supposed legal support for this position is a citation to California Civil Code section 1501. (Id. p. 4.) The Court disagrees with Gordon's legal theory.

California Civil Code section 1501 provides: "All objections to the mode of an offer of performance, which the creditor has an opportunity to state at the time to the person making the offer, and which could be then obviated by him, are waived by the creditor, if not then stated." However, under applicable decisions of California Courts, section 1501 does not apply where "the amount of the creditor's demand is known to the debtor and the amount of the tender is wholly insufficient." McElroy, 134 Cal. App. 4th at 394 (quoting Gaffney v. Downey Savings & Loan Ass'n, 200 Cal. App. 3d 1154 (1988)). Here, the tender was wholly insufficient because, as discussed above, it was worthless and Gordon alleges he knew, at least approximately, the amount of debt owed under the deed of trust. (See Compl. p. 4 ("'Payment in Full' in excess of the amount actually owed . . . provides a balance due [Gordon] in the amount of $817,647.20.");

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1131 JVS (JCGx) | Date | December 14, 2015 |
| Title | Gordon v. Quicken Loans Inc., et al. | | |

Compl. p. 6 ¶ 3 (the Gordon Bond "was submitted to [Quicken] for nearly 3 times the amount that was owed . . . .").) Quicken was under no obligation to respond to the worthless tender, and therefore Quicken's refusal or inability to return the original Gordon Bond signifies nothing.

Here, like in McElroy, Gordon argues that the tender of a worthless document pays off his debt solely because the creditor was silent with regard to the tender. Here, like in McElroy, the Court disagrees.

IV. Conclusion

The complaint, and exhibits attached to the complaint, establish that the Gordon Bond is worthless on its face. Because Gordon has tendered only a worthless document to Quicken, Gordon has not pled sufficient facts that plausibly show Gordon made "payment in full" as alleged throughout the complaint. Gordon's allegations that he has made payment in full appears to be an element of all of Gordon's causes of action. Consequently, all of Gordon's causes of action fail as a matter of law. The Court does not need to address Quicken's other grounds for dismissal.

The Court GRANTS Quicken's motion to dismiss. Because any claim for relief is based on Gordon's theory that the Gordon Bond has value, the Court concludes that the deficiencies of the complaint cannot be cured and the dismissal is with prejudice.

IT IS SO ORDERED.

| | : | 07 |
|---|---|---|
| Initials of Preparer | kjt | |